UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

GARY W. RICHARDS,
          Plaintiff,

      v.                                                        CASE NO. 3:14-cv-1724 (VAB)

DIRECT ENERGY SERVICES, LLC,
          Defendant.

**RULING ON PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION, OR IN THE ALTERNATIVE, FOR INTERLOCUTORY APPEAL**

A Connecticut resident, Gary W. Richards, filed a putative class action against Defendant, Direct Energy Services, LLC ("DES"), asserting claims that arise out of DES's business of supplying electricity to residential customers. Compl. ¶¶ 2-3, 8, ECF No. 1. Mr. Richards alleged that DES engaged in unfair trade practices, in violation of the state unfair trade practices laws of Connecticut, the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §42-110a *et seq.,* and Massachusetts, Massachusetts Regulation of Business Practices for Consumers' Protection Act, Mass. Gen. Laws Ann. ch. 93A, §1, *et seq.* Compl. ¶54, ECF No. 1. He also made claims of unjust enrichment and breach of the covenant of good faith and fair dealing. Compl. ¶¶ 57-63, 65-70. A class has not been certified in this case.

On August 4, 2015, the Court granted DES's Motion to Dismiss in part, dismissing all of Mr. Richards's claims under Massachusetts law and his claim of unjust enrichment. Ruling on Def.'s Mot. To Dismiss, ECF No. 63. In doing so, the Court reasoned that as a Connecticut-based consumer Mr. Richards lacked standing to pursue claims under Massachusetts law, despite the fact that he intends to seek certification of a class that includes Massachusetts consumers. *Id.* at 6-11. Mr. Richards now asks the

1

Court to reconsider this aspect of its Ruling.  Mot. for Partial Reconsideration, ECF No. 64.  In the alternative, he seeks permission to file an interlocutory appeal.  *Id.*  For the reasons that follow, the motion is **DENIED**.

> **I.     Motion for Partial Reconsideration**

Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e), allowing the alteration of a judgment, and Connecticut Local Rule 7(c).  The standard for granting such a motion is "strict."  *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).  "The only permissible grounds on which to grant a motion for reconsideration are: (1) an intervening change in the law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice."  *Martin v. Dupont Flooring Sys., Inc.,* No. Civ.A. 301CV2189(SRU), 2004 WL 1171208, at *1 (D. Conn. May 25, 2004) (citing *Doe v. New York City Dep't of Soc. Servs.,* 709 F.2d 782, 789 (2d Cir. 1983), *cert. denied sub nom. Catholic Home Bureau v. Doe,* 464 U.S. 864, 104 (1983)).  A motion to reconsider "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader,* 70 F.3d at 257.

Mr. Richards argues that the Court erred in ruling that he lacked standing to pursue claims under Massachusetts law as the representative of a purported class that was to include consumers in Massachusetts.  He argues that this Court's decision contradicts a "growing" legal trend or consensus that questions of Article III standing should be deferred until the class certification stage.  Mot. for Partial Reconsideration 4-5, ECF No.

64. He also contends that the Court misconstrued the basis for its Ruling as one of standing, when in fact, it is a choice of law issue. *Id.* at 3-4.

None of these arguments justify granting Mr. Richards's motion. The vast majority of cases Mr. Richards cites to support his position are not controlling on this Court. Mot. for Partial Reconsideration 3, 5-7 & nn.4, 5, ECF No. 64 (citing district court cases and *Morrison v. YTB Intern., Inc.,* 649 F.3d 533, 536 (7th Cir. 2011)[1] and *Sullivan v. DB Invs., Inc.,* 667 F.3d 273, 302 (3d Cir. 2011)); *see also Shrader,* 70 F.3d at 257 (noting that typically, motions to reconsider will not be granted absent controlling authority that the Court overlooked). Moreover, the Court explicitly considered the binding authority he cites, namely *Mahon v. Ticor Title Insurance Company,* 683 F.3d 59 (2d Cir. 2012).

In considering *Mahon,* the Court opined on the understanding of the law that Mr. Richards reiterates in the instant motion. To find error in this Court's Motion to Dismiss Ruling, the Court must agree with Mr. Richards's conclusion that "in the class action context, the more logical approach to standing is simply to wait until the class certification stage of the case." Mot. for Partial Reconsideration 4, ECF No. 64 (citing *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591 (1997); *Ortiz v. Fibreboard Corp.,* 527 U.S. 815 (1999)). However, the Second Circuit expressly considered and rejected Mr. Richards's interpretation of these cases in *Mahon. Mahon,* 683 F.3d at 63-65; *accord In re Aggrenox Antitrust Litig.,* 94 F. Supp. 3d 224, 250-51 (D. Conn. 2015) ("The [plaintiffs] point to numerous cases that have interpreted *Ortiz* [ ] and *Amchem* [ ] to

---

[1] The Court notes that there appears to be a Circuit split between the Seventh and Second Circuit on the issue of whether class certification should be decided before standing. *See 6803 Boulevard East, LLC v. DIRECTV, LLC,* 17 F. Supp. 3d 427, 431-32 (D.N.J. 2014) (describing the different approaches taken by the Second and Seventh Circuits).

stand for the proposition that the question of Article III standing can be deferred until after class certification. In *Mahon,* however, the Second Circuit repudiated that interpretation of those cases…"). The only case that Mr. Richards cites in favor of his position that was decided after *Mahon* does not cite it or address its application to the issue of class representative standing. *See In re DDAVP Indirect Purchaser Antitrust Litig.,* 903 F. Supp. 2d 198 (S.D.N.Y. 2012).

His argument that the Court misconstrued a choice of law issue as one of standing is also unavailing. Engaging in a choice of law analysis at the motion to dismiss stage would have been premature. *See N. Am. Tech. Servs., Inc. v. V.J. Techs., Inc.,* Civil Action No. 10 CV 1384(AWT), 2011 WL 4538069, at *2 (D. Conn. Sept. 29, 2011) ("'[C]onducting a… choice of law analysis is fact-intensive and context specific. Due to the complexity of this analysis when confronted with a choice of law issue at the motion to dismiss stage, courts… have concluded that it is more appropriate to address the issue at a later stage in the proceedings.'") (quoting *Graboff v. Collern Firm,* No. 10-1710, 2010 WL 4456923, at *8 (E.D. Pa. Nov. 8, 2010) and collecting cases).

Contrary to Mr. Richards's contention in his motion, he did have an opportunity to brief the standing issue in opposing DES's Motion to Dismiss. Opp. Br. 21-23, ECF No. 24. Moreover, as the Court noted in its ruling, "[b]ecause standing issues go to the Court's subject matter jurisdiction, they can and should be raised *sua sponte*" and "must be decided before any other legal issue." Ruling on Def.'s Mot. To Dismiss at 7, ECF No. 63 (citing *Cent. States Southeast and Southwest Areas Health and Welfare Fund v. Merck-Medco Managed Care, LLC,* 433 F.3d 181, 198 (2d Cir. 2005) and *Steel Co v.*

4

*Citizens for a Better Env't,* 523 U.S. 83, 93-94 (1998)). Thus, it was appropriate for the Court to address standing when it did.

Finally, the Court dismissed Mr. Richards's Massachusetts law claims without prejudice, providing him with an opportunity to amend the Complaint to add a named plaintiff who had suffered injury in Massachusetts. He was provided additional time to amend his complaint and did not do so. *See* Minute Entry, ECF No. 68.

Accordingly, for all of these reasons, Mr. Richards's request for the Court to reconsider its Ruling on DES's Motion to Dismiss is **DENIED**.

## II.     Request for Interlocutory Appeal

Mr. Richards, in the alternative, asks this Court to allow him to file an interlocutory appeal on this standing issue. Federal appellate jurisdiction generally depends upon the entry of a final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (citation omitted). "Interlocutory appeals are disfavored, and, because the procedure 'was not intended as a vehicle to provide early review of difficult rulings in hard cases,' a party seeking to appeal must demonstrate exceptional circumstances justifying it." *Kuzinski v. Schering Corp.*, 614 F. Supp. 2d 247, 249 (D. Conn. 2009) (quoting *Williston v. Eggleston,* 410 F. Supp. 2d 274, 276 (S.D.N.Y. 2006)).

A district judge may certify the interlocutory appeal of an order if he or she is "of the opinion that such order [1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The standard for allowing a party to seek an interlocutory appeal is "demanding," and such an appeal is permitted at the district court's discretion. *Banque*

*Nordeuroque S.A. v. Banker,* 970 F.2d 1129, 1131 (2d Cir. 1992); *In re Roman Catholic Diocese of Albany, New York, Inc.,* 745 F.3d 30, 36 (2d Cir. 2014); *see also Kuzinski,* 614 F. Supp. 2d at 249.

Mr. Richards's motion fails because, for the same reasons discussed with respect to his request for reconsideration, there is not "substantial ground for a difference of opinion." To meet this element, Mr. Richards must show that "(1) there is conflicting authority on an issue or (2) the case is particularly difficult and of first impression within this Circuit." *United States ex rel. Drake v. NSI, Inc.,* 736 F. Supp. 2d 489, 503 (D. Conn. 2010) (citing *Consub Del. LLC v. Schahin Engenharia Limitada,* 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007), *aff'd* 543 F.3d 104 (2d Cir. 2008), *abrogated in part on other grounds by Shipping Corp. of India, Ltd. v. Jaldhi Overseas Pte Ltds.,* 585 F.3d 58 (2d Cir. 2009)). His belief that the Court's decision is incorrect as a matter law cannot alone justify an interlocutory appeal. *See Estate of Metzermacher ex rel. Metzermacher v. Nat'l R.R. Passenger Corp.,* 487 F. Supp. 2d 24, 29 (D. Conn. 2007) ("A 'substantial ground for difference of opinion' cannot be grounded merely in a claim that the Court's decision was wrong.") (citation omitted).

Moreover, the Court also believes that allowing an interlocutory appeal on this issue would not advance materially the ultimate termination of this litigation. Even if the Second Circuit overruled this Court's standing determination, Mr. Richards's Complaint does not contain sufficient factual allegations about DES's conduct in Massachusetts to state claims under Massachusetts law under Federal Rule of Civil Procedure 12(b)(6). Thus, a reversal would not change the course of the litigation or the claims involved. *See Koehler v. Bank of Bermuda Ltd.,* 101 F.3d 863, 865-66 (2d Cir. 1996) ("The use of

§1292(b) is reserved for those cases where an intermediate appeal may avoid protracted litigation.") (citation omitted).

Accordingly, Mr. Richards's request for permission to file an interlocutory appeal is **DENIED.**

### III.    Conclusion

For all of the foregoing reasons, Mr. Richards's Motion for Partial Reconsideration, or in the Alternative, Leave to File an Interlocutory Appeal, ECF No. 64, is **DENIED**.

**SO ORDERED** this 20th day of November 2015 at Bridgeport, Connecticut.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge